I,WALTZER, Judge.
Reginald Johnson was found guilty of simple burglary, a violation of La.R.S. 14:62 by a six-member jury. He was sentenced to serve six years at hard labor as a second offender under R.S. 15:529.1. He now appeals, asking this court to review the record for errors patent.
At trial Howard Clifford Jones of 7320 Beauvoir Court testified that on January 7, 1994, about 12:30 p.m., he was working at home. Mr. Jones, a student, has a small business filling helium balloons for parties. On the day in question he used the air compressor in his garage. He went into his house for a moment. When he returned, his neighbor Dwayne Jones told him that someone had just taken something from his ga *761 rage. Howard Jones noticed that his Sears Craftsman three-quarter horsepower air compressor was missing. Mr. Jones reported his loss to a security guard at the gate of his development. Mr. Jones stated that he never gave anyone permission to enter his garage and take his air compressor.
Dwayne Jones is not related to Howard Jones. Dwayne Jones testified that he was at home about 12:30 p.m. on January 7,1994, when someone knocked very lightly on his door. When Jones got to the door, no one was there. Jones Walked into his bedroom, looked out the front window, and saw a man go into Howard Jones’ garage and take an air compressor. Dwayne Jones stated that he had a direct view of the incident and identified Reginald Johnson as the thief.
I2NOPD Sergeant Anthony Chetta testified that he was responding to a prowler call on West Renaissance Street, when he was flagged down by Howard Jones. Jones recounted the description his neighbor had given of the thief. Shortly thereafter, Sergeant Chetta saw a man fitting the description. Officer Chetta stopped the man fitting the description. The air compressor was found hidden in some banana trees nearby.
Counsel has filed a brief requesting only a review for errors patent.[1]
We find one error patent upon the face of the record. At trial, the defense requested that a copy of the police report be given to jury for inspection in the courtroom, prior to its retirement for deliberation. The jury looked at the police report, returned it to the court, and then retired for its deliberation. Because it was the defense’s motion, obviously the defense did not object nor has it raised the issue on appeal.
We conclude that the trial court erred in showing the police report to the jury because the police report was hearsay and did not fit within one of the hearsay exceptions. We further find, however, that this error is merely harmless error and did not in any way affect the outcome of the trial.
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the ease and the facts of the ease indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed him that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court ^proceedings, the bill of information and all transcripts contained in the appeal record. The appellant was properly charged by bill of information with a violation of R.S. 14:62, and the bill was signed by an assistant district attorney. The appellant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. A review of the trial transcript reveals that the State proved every essential element of simple burglary beyond a reasonable doubt. The sentence of six years as a second offender under R.S. 15:529.1 is legal in all respects. Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the appellant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.

AFFIRMED.

BARRY, Judge, concurs with written reasons.

. Defense counsel suggests that the State failed to carry its burden of proof at the multiple bill hearing. However, a transcript of the multiple bill was not part of the record when that argument was made. The transcript, which is now part of the record, proves that the appellant pleaded guilty to the multiple bill.